OPINION *Page 2 
{¶ 1} Plaintiff-appellant Curtis E. Stewart appeals the July 31, 2008 Judgment Entry entered by the Muskingum County Court of Common Pleas, which granted judgment in favor of defendants-appellees Oxford Oil Co., et al., following a bench trial.
 STATEMENT OF THE CASE[1] {¶ 2} On March 24, 2005, Appellant filed a Complaint in the Muskingum County Court of Common Pleas, naming Appellees as defendants and seeking damages to his property which were the result of an oil spill caused by a leak in an oil well owned by Appellee Oxford Oil. Appellant sought damages for the diminished value of his property, and loss of quiet enjoyment of property.
 {¶ 3} The trial court conducted a trial on February 28, 2008. After hearing the evidence, the trial court requested the parties file proposed findings of fact and conclusions of law. On July 23, 2008, the trial court issued a decision, finding in favor of Oxford Oil. The trial court filed a Judgment Entry on July 31, 2008, which incorporated the July 23, 2008 Decision.
 {¶ 4} Appellant filed a timely Notice of Appeal. On September 30, 2008, Appellant filed a Pro Se document package.
 {¶ 5} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 6} "(E) Determination and judgment on appeal. *Page 3 
 {¶ 7} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 8} "The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 9} This appeal shall be considered in accordance with the aforementioned rule.
 {¶ 10} We begin by noting Appellant has failed to comply with App. R. 16.
 {¶ 11} App. R. 16(A) provides:
 {¶ 12} "The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
 {¶ 13} "(1) A table of contents, with page references.
 {¶ 14} "(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.
 {¶ 15} "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
 {¶ 16} "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.
 {¶ 17} "(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.
 {¶ 18} "(6) A statement of the facts relevant to the assignments of error presented for review, with appropriate references to the record * * * *Page 4 
 {¶ 19} "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.
 {¶ 20} "(8) A conclusion briefly stating the precise relief sought."
 {¶ 21} Appellant's brief does not satisfy any of the aforementioned requirements; therefore, is noncompliant. Absent minimal compliance with App. R. 16(A), this Court cannot reasonably respond to Appellant's claims, and may, in its discretion, disregard those claims. See,Foster v. Board of Elections (1977), 53 Ohio App.2d 213, 228,373 N.E.2d 1274. Further, the deficiencies in Appellant's brief are tantamount to the failure to file a brief. Pursuant to App. R. 18(C), this Court has the authority to dismiss this appeal for failure to file a brief.
 {¶ 22} Assuming, arguendo, Appellant's brief was compliant, the record reflects Appellant failed to request a transcript of the September 4, 2007 hearing pursuant to App. R. 9(B), or submit a statement of evidence pursuant to App. R. 9(C).
 {¶ 23} When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knapp v. Edwards Lab . (1980),61 Ohio St.2d 197, 400 N.E.2d 384. Because Appellant has failed to provide this Court with those portions of the transcript necessary for resolution of this appeal, i.e., the transcript of the February 28, 2008 hearing, we must presume the regularity of the proceedings below and affirm, pursuant to the directive set forth above in Knapp, supra. *Page 5 
 {¶ 24} Having the dispositional options of dismissal or affirmance, we choose to affirm the judgment of the Muskingum County Court of Common Pleas.
 Hoffman, P.J., Edwards, J. and Delaney, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to Appellant.
[1] A Statement of the Facts underlying this matter is not necessary to our disposition of this Appeal; therefore, such shall not be included herein. *Page 1